UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-410-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON FAYETTE COUNTY GOVERNMENT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Sharon Bush Ellison has filed a "Proposed Notice of Removal Pursuant to 28 USC 1446," [Record No. 1]; a "Notice of Good Cause," [Record No. 2]; an "*Ex Parte* Motion for Equitable Relief," [Record No. 3]; a "Petition for a Writ of Attachment in the Above Captioned Case," [Record No. 4]; and a "Motion for a Sequestration Order," [Record No. 5].[1]  She has paid the $405.00 filing fee. [Record No. 1-1]  Having reviewed her submissions, the Court

---

[1] Ellison has provided a false mailing address, stating that she resides at 115 Robert C. Daniel Jr. Pkwy in Augusta, Georgia. *See* [Record No. 1-2]  That address houses a local office for the Social Security Administration. *See* https://secure.ssa.gov/ICON/ic001.action#officeResults (accessed November 4, 2025).  Ellison has previously filed several lawsuits in federal court when she was a resident of Augusta, Georgia. *See Ellison v. Social Security Admin.*, No. 1:21-MC-11-JRH-BKE (S.D. Ga. 2021); *Ellison v. Unknown*, No. 1:22-CV-143-JRH-BKE (S.D. Ga. 2022). Regardless, Ellison's intentional provision of a mailing address that she knew to be false is alone ground to dismiss this action. *See* LR 5.3(d); *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at \*1 (6th Cir. May 2, 1994) (explaining that *pro se* litigants have a duty to supply the court with notice of any and all changes in address); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's order dismissing pro se complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address).

will remand this action to the District Court of Fayette County, Kentucky, for lack of jurisdiction.

On October 5, 2024, Ellison was arrested by police in Lexington, Kentucky, for criminal trespass after she allegedly refused to leave a Walgreens store. She was arraigned on December 17, 2024. The charges were dismissed on June 26, 2025. No further proceedings have transpired in the case since that date. *See Commonwealth v. Ellison*, No. 24-M-04383 (Fayette Dist. Ct. 2024).[2]

Ellison filed her submissions in this Court four months later. She begins with a notice of removal of the concluded state criminal case, invoking 28 U.S.C. § 1443.[3] [Record No. 1 at 2] A defendant in a criminal case commenced in a State court may remove the prosecution to federal court if she "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Ellison asserts violation of her right to equal protection of the law, although she does not identify any conduct assertedly violative of that right. Instead, her notice of removal merely paraphrases this legal standard without alleging

---

[2] The electronic docket for this case may be viewed on the Kentucky Court of Justice's eCourts online database at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=24-M-04383&caseTypeCode=MI&client_id=0 (accessed November 4, 2025).

[3] At times, Ellison refers to herself as the plaintiff rather than as the defendant. [*See* Record No. 3 at 1.] She also periodically references the case being removed as a civil matter rather than a criminal one. [*See* Record No. 1 at 1.] To be clear, because Ellison states that she has removes a criminal case and identifies the state criminal proceeding being removed, she is properly positioned as a defendant and this matter presently pends in this Court as a criminal case.

any facts indicating entitlement to removal. Ellison includes an unexplained reference to 18 U.S.C. § 242.

The grounds asserted by Ellison are entirely conclusory, warranting summary remand. *See* 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). In particular, Ellison makes no allegation that her right to equal protection was violated on the basis of race. "Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights." *United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978); *see also South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts.").

Further, Ellison does not allege that the courts of Kentucky are incapable of protecting her federal constitutional rights, as required. *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (noting the presumption that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal."); *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (holding that removal is permitted under § 1443(1) only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial."). Absent a credible allegation to the contrary in this regard, remand is required. *Cf. Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990); *Kentucky v. Smith*, No. 3:08-CV78-S, 2008 WL 3271937, at *2 (W.D. Ky. Aug. 7, 2008). And most

-3-

compellingly, the charges against Ellison were dismissed months ago and the state criminal case is no longer pending. Ellison cannot remove based upon the state court's asserted inability or unwillingness to protect her equal protection rights in a criminal case that has already been dismissed. Therefore, there is no plausible basis for removal.

Next, a criminal defendant must remove the state criminal prosecution no later than thirty days after the arraignment. 28 U.S.C. § 1455(b)(1). That deadline passed on January 16, 2025. Ellison's attempt at removal is untimely by nearly ten months. Aware that her effort is untimely, Ellison filed her "Notice of Good Cause" in which she argues that she never "received any initial pleading or service of any summons …" [Record No. 2 at 1] But Ellison attended her arraignment in December 2024. Thus, she does not need to receive a document to trigger the thirty-day removal deadline. Where it is plain from the notice that removal was not properly effected, the district court should summarily remand the action for lack of jurisdiction. *See* 28 U.S.C. § 1455(a), (b). *New York v. Smith*, 494 F. App'x 138, 139 (2d Cir. 2012) (holding that state criminal defendant's failure to comply with procedural requirements for removal under § 1455(a) deprived federal court of subject matter jurisdiction over proceeding, requiring remand). Ellison's removal suffers from both substantive and procedural defects.[4] The Court will therefore remand this action to the Fayette District Court.

Finally, the Court notes that Ellison has filed a trio of motions. *See* "*Ex Parte* Motion for Equitable Relief," [Record No. 3]; "Petition for a Writ of Attachment in the Above Captioned Case," [Record No. 4]; "Motion for a Sequestration Order," [Record No. 5]. Apart

---

[4] Ellison also failed to file copies of "all process, pleadings, and orders served upon such defendant or defendants in such action" as required by § 1455(a).

from evident frivolity, they seek civil remedies unrelated to her criminal case. For this reason and because the matter will be remanded for lack of jurisdiction, the Court will deny these motions. Because Ellison has provided no ground to consider her first motion on an *ex parte* basis, the Court will also direct that it be unsealed. Accordingly, it is hereby

**ORDERED** as follows:

1. This action is **REMANDED** to the District Court of Fayette County, Kentucky.

2. The Clerk of Court is directed to forward a certified copy of this Memorandum Opinion and Order together with the Judgment entered this date to the Clerk of the District Court of Fayette County, Kentucky, referencing its case number 24-M-04383.

3. Ellison's "*Ex Parte* Motion for Equitable Relief" [Record No. 3] is **DENIED** as moot. The Clerk is directed to unseal the motion.

4. Ellison's "Petition for a Writ of Attachment in the Above Captioned Case" [Record No. 4] is **DENIED**.

5. Ellison's "Motion for a Sequestration Order" [Record No. 5] is **DENIED**.

6. This matter is **STRICKEN** from this Court's docket.

Dated: November 4, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky